## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| LINDA GONZALEZ | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. |
| | ) | |
| vs. | ) | |
| | ) | |
| BEACH HOUSE, LLC dba JB'S ON | ) | |
| THE BEACH; and JOHN J BOYLE | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT

NOW COMES Plaintiff LINDA GONZALEZ ("GONZALEZ") for her Complaint against Defendants BEACH HOUSE, LLC dba JB'S ON THE BEACH ("BEACH HOUSE, LLC") and JOHN J BOYLE alleges and says as follows:

## PRELIMINARY STATEMENT

1. This is an action by Plaintiff pursuant to the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 2001 et. seq.) (hereinafter "FLSA") to recover unpaid wages, unpaid overtime wages, unreimbursed expenses, an additional equal amount of unpaid wages as liquid damages, prejudgment interest, equitable relief and reasonable attorney's fees from Defendants for violations of the FLSA.

## JURISDICTION AND VENUE

2. This is an action for unpaid wages, damages, and other relied under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

3. This Court has subject matter jurisdiction of Plaintiff's Federal law claims pursuant to 28 U.S.C. § 1331.

4. Plaintiff and Defendants reside in this judicial district and the events and omissions giving rise to Plaintiff's claims occurred in this district. The unpaid wages sought in this action were earned in this district. Venue is proper in this district and divisions pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff, LINDA GONZALEZ, is a permanent resident and resident of Boynton Beach, FL.

6. Defendant BEACH HOUSE, LLC is a Florida Corporation organized under the laws of Florida. Its principal and registered offices are located at 300 NE 21 AVE, Deerfield Beach, FL 33441 and it regularly carries on business in Broward County, Florida.

7. At all times material hereto, Defendant BEACH HOUSE, LLC was an employer within the meaning of Section 3(d) of the FLSA.

8. Defendant John J Boyle is the owner of BEACH HOUSE, LLC and acted, directly or indirectly, in the interests of above referenced corporation in relation to Plaintiff, therefore the individual defendant was an employer within the meaning of Section 203(d) of the Act.

## FACTUAL ALLEGATIONS

9. At all times material hereto, Defendant BEACH HOUSE, LLC was an employer within the meaning of Section 3(d) of the FLSA.

10. At all times material to this action, Defendant BEACH HOUSE, LLC was an enterprise engaged in commerce or in production of goods for commerce as defined in Section 3(r) of the FLSA (29 U.S.C. 203(r) and 203 (s)).

11. At all times material hereto, the Defendant BEACH HOUSE, LLC had an annual gross volume of sales made or business done of not less than $500,000.00, exclusive of excise taxes at the retail level.

12. At all times material hereto, the Defendant BEACH HOUSE, LLC had at least two employees who were engaged in interstate commerce.

13. At all times material hereto, the Defendant BEACH HOUSE, LLC operated under the fictitious name of JB'S ON THE BEACH.

14. Defendant JOHN J BOYLE is the owner of BEACH HOUSE, LLC and acted, directly or indirectly, in the interests of above referenced corporation in relation to Plaintiff, therefore the individual defendant was an employer within the meaning of Section 203(d) of the Act.

15. At all times material hereto, Defendant JOHN J BOYLE was an employer within the meaning of Section 3(d) of the FLSA.

16. At all times material to this complaint, the plaintiff engaged in commerce or the production of goods for commerce within the meaning of Section 3(b) and (j) respectively of the FLSA.

17. Plaintiff engaged in commerce by and through but not limited to her using the credit card machine at BEACH HOUSE, LLC on a daily basis which ranged from approximately 10 times per day up to approximately 40 times per day.

18. Plaintiff became employed with Defendant BEACH HOUSE, LLC in May of 2007 and was paid the minimum wage for tipped employees.

19. Plaintiff was employed as a waitress who: (i) had no ability to hire and fire employees; (ii) did not supervise 2 or more employees; (iii) did not perform non-manual work; and (iv) had no discretion to perform any task.

20. At all times material hereto, the minimum wage due tipped employees such as this Plaintiff during the relevant time periods herein was as follows:

   a. 2014: $4.91

   b. 2015: $5.03

   c. 2016: $5.03

21. From January 1st to May 15th of 2014, 2015 and 2016 there are nineteen (19) weeks which are considered peak season for the restaurant and servers such as this Plaintiff were able to regularly work in excess of 60 hours per week.

22. From January 1st to May 15th of 2014, 2015 and 2016, the Plaintiff worked for BEACH HOUSE, LLC for 60 hours each week.

23. The Plaintiff was only compensated her for 40 of her 60 hours worked.

24. Furthermore, the Plaintiff's rate of compensation for the time not paid should have been at the prevailing rate due tipped employees plus time and a half as follows:

   a. 2014: $8.88

   b. 2015: $9.06

   c. 2016: $9.06

25. From January 1, 2014 to May 15, 2014, the Plaintiff worked for nineteen (19) weeks at sixty (60) hours per week and was not compensated for twenty (20) of the hours she worked for a total of 380 hours worked that she was not compensated.

26. The Plaintiff should have been compensated at a rate $8.88 for the 380 worked in 2014 for a total amount of $3,374.40.

27. From January 1, 2015 to May 15, 2015, the Plaintiff worked for nineteen (19) weeks at sixty (60) hours per week and was not compensated for twenty (20) of the hours she worked for a total of 380 hours worked that she was not compensated.

28. The Plaintiff should have been compensated at a rate $9.06 for the 380 worked in 2015 for a total amount of $3,442.80.

29. From January 1, 2016 to May 15, 2016, the Plaintiff worked for nineteen (19) weeks at sixty (60) hours per week and was not compensated for twenty (20) of the hours she worked for a total of 380 hours worked that she was not compensated.

30. The Plaintiff should have been compensated at a rate $9.06 for the 380 worked in 2014 for a total amount of $3,442.80.

31. The total amount of compensation the Defendants failed to play the Plaintiff total $10,260.00.

32.  Plaintiff was a non-exempt employee eligible for overtime compensation under the FLSA.

33. Plaintiff was not subject to the executive exemption as he did not direct the work of two or more other employees and did not have the authority to hire or fire other employees.

34. Plaintiff was not subject to the administrative exemption as he did not exercise her own discretion and independent judgment with respect to matters of significance.

35. Plaintiff routinely worked more than forty hours in a week but was not paid overtime.

36. The records concerning the hours worked by and compensation actually paid to the Plaintiff are in the possession and custody of Defendant.

## COUNT I – VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

37. The allegations of Paragraphs 1 through 36 are hereby re-alleged as if fully set forth herein.

38. From January 1 to May 15 of 2014, 2015 and 2016, the Plaintiff worked in excess of 40 hours each and every workweek and was not paid the overtime pay as required by law.

39. Defendants willfully failed to compensate Plaintiff for hours Plaintiff worked for the Defendants from January 1, 2014 to May 15, 2016, totaling approximately 1140 hours.

40. As a result of the failure to pay overtime, the Defendants are indebted to the Plaintiff in the amount of the unpaid overtime compensation, prejudgment interest and an additional equal amount as liquid damages.

41. Defendants knew or showed a reckless disregard for the matter of whether their failure to pay overtime was prohibited by law.

42. Plaintiff has been damaged from Defendants' failure to pay the overtime pay as required by law.

43. By reason of Defendants' refusal to pay the unpaid overtime due to the Plaintiff, it has been necessary for him to employ an attorney to prosecute this case.

WHEREFORE, Plaintiff respectfully prays the Court award Plaintiff a judgment for such

all legal and equitable relief that will effectuate the purpose of the FLSA including but

not limited to:

     A.  Overtime wages;
     B.  Prejudgment interest;
     C.  Liquidated damages;
     D.  Unreimbursed expenses;
     E.  Reasonable attorney's fees pursuant to the FLSA; and
     F.  Any further relief this court deems just and proper.

## COUNT II – VIOLATION OF PAYMENT PROVISIONS OF THE FLSA

44. The allegations of Paragraphs 1 through 36 are hereby re-alleged as if fully set forth

    herein.

45. Defendants willfully failed to compensate Plaintiff for hours Plaintiff worked for the

    Defendants from January 1, 2014 to May 15, 2016, totaling approximately 1140

    hours.

WHEREFORE, Plaintiff respectfully prays the Court award Plaintiff a judgment for such

all legal and equitable relief that will effectuate the purpose of the FLSA including but

not limited to:

     A.  Back pay;
     B.  unpaid wages;
     C.  Prejudgment interest;
     D.  Liquidated damages;
     E.  Unreimbursed expenses;
     F.  Reasonable attorney's fees pursuant to the FLSA; and
     G.  Any further relief this court deems just and proper.

## COUNT III – VIOLATION OF PAYMENT PROVISIONS OF THE FLSA

46. The allegations of Paragraphs 1 through 36 are hereby re-alleged as if fully set forth

    herein.

47. Defendants further willfully and improperly deducted money from the Plaintiff's paycheck for business losses or expenses for walkouts.

48. Plaintiff avers that her paycheck was deducted approximately once every two months for a customer walking out of the restaurant without paying.

49. Plaintiff further avers that she will be able to give a more accurate accounting as to the amount of each deduction and the date of each by and through discovery in this matter, as the Plaintiff avers that her payroll records are in the custody and control of the Defendants.

WHEREFORE, Plaintiff respectfully prays the Court award Plaintiff a judgment for such all legal and equitable relief that will effectuate the purpose of the FLSA including but not limited to:

> A. Back pay;
> B. unpaid wages;
> C. Prejudgment interest;
> D. Liquidated damages;
> E. Unreimbursed expenses;
> F. Reasonable attorney's fees pursuant to the FLSA; and
> G. Any further relief this court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Dated this 8th  day of December, 2016

                                        Respectfully submitted,


                                        /s/Neil Tygar_____
                                         Neil Bryan Tygar, P.A.
                                        Counsel for Plaintiff
                                        5341 W. Atlantic Ave. #303
                                        Delray Beach, FL 33130
                                        Tel:    561-455-0280 Ext. 11
                                        Fax:    561-455-0281
                                        Cell:   561-305-5214
                                        ntygar@me.com